UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN LEWIS McGILMER

    Plaintiff,

v.     Case No. 04-71753

BILL ZIEGLER, et al.,     Honorable Patrick J. Duggan

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on MAY 13, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

Plaintiff Calvin McGilmer ("McGilmer") filed this lawsuit *in pro per* on May 10, 2004. The case originally was assigned to the Honorable George E. Woods, but was reassigned to this Court on August 20, 2004, upon Judge Woods' retirement. Presently before the Court is Defendants' Motion for Summary Judgment, filed April 15, 2005. According to Defendants, they served Plaintiff with a copy of their motion via regular mail on April 15, 2005. This Court sent a notice to the parties on the same date, indicating that the motion for summary judgment had been filed and reminding them of

the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion. Nevertheless, Plaintiff has not responded to the motion. As the Court notified the parties in a notice issued on May 11, 2005, it is dispensing with oral argument with respect to Defendants' motion in accordance with Local Rule 7.1(e)(2).

### Factual and Procedural Background

McGilmer is a warehouse employee of Defendant The Great Atlantic & Pacific Tea Company, Inc., d/b/a Farmer Jack Supermarkets ("Farmer Jack"). Like all non-supervisory personnel at Farmer Jack's Livonia warehouse, McGilmer is a member of Teamsters Local 337 and is covered by a labor contract between Farmer Jack and Local 337. That labor contract contains a grievance procedure.

McGilmer filed this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against Farmer Jack, Wilfred Ziegler (warehouse personnel manager), Larry Daniel (perishable warehouse operations manager), Lawrence Shuler (midnight shift manager), and Julius Lane (supervisor) (collectively "Defendants"). McGilmer claims that Defendants terminated him because of his race and failed to adequately investigate the allegations made against him that resulted in his termination.

On July 12, 2002, McGilmer was working the afternoon shift (6:00 p.m. to 2:30 a.m.) as a hi-lo driver at Farmer Jack's Livonia warehouse. During his shift, McGilmer engaged in an altercation with a co-worker Samir Agemy ("Agemy"). Two supervisors heard the altercation and separated McGilmer and Agemy.

Later that evening, Agemy reported the incident to Defendant Lawrence Shuler ("Shuler") and Defendant Julius Lane ("Lane"). Agemy informed Shuler and Lane that McGilmer pulled a box cutter on him and threatened him with it. Shuler asked Agemy for a statement describing the incident. Shuler then attempted to review the video tape from the warehouse video camera to see if he could ascertain what happened between McGilmer and Agemy, although he was not able to do so that evening.

The next day, Shuler notified Defendant Wilfred Ziegler ("Ziegler") about Agemy's allegations. Ziegler decided that Shuler and Lane should interview McGilmer when he next reported to work and should review the video tape from the prior evening. When McGilmer next reported to work on July 16, 2002, Shuler and Lane interviewed him. McGilmer declined to make any statement to Shuler and Lane, declined to provide a written statement, and asked to look at the video tape. Shuler suspended McGilmer pending further investigation. The following day, McGilmer wrote a grievance denying any wrongdoing and asserting that Agemy had used racial epithets towards him during the altercation.

Farmer Jack thereafter obtained statements from the supervisors who separated McGilmer and Agemy during their altercation. Ziegler reviewed the video tape from the surveillance camera in the warehouse, although he was not able to determine whether McGilmer brandished a box cutter at any time during the altercation because the camera was too far from where the altercation occurred. Unable to identify any other employees who heard the altercation, Ziegler was not able to determine whether Agemy used any racial epithets and Agemy denied using any. In any event, Ziegler believed that such

3

epithets would not have warranted McGilmer displaying a box cutter and threatening Agemy with it. Ziegler did, however, issue a written reprimand to Agemy for vulgar and abusive language.

On July 26, 2002, a grievance meeting was held between Farmer Jack representatives, McGilmer, and a Teamsters business agent. At the meeting, Farmer Jack converted McGilmer's suspension to a discharge. McGilmer subsequently filed a grievance that went to arbitration.

At the arbitration hearing, Agemy testified that McGilmer waived a box cutter at him and threatened him during their July 12 altercation. After the arbitration hearing, however, Agemy recanted this testimony. The arbitrator thereafter found that McGilmer did not brandish a weapon and did not threaten Agemy. The arbitrator reduced McGilmer's discharge to a written reprimand for vulgar and abusive language and returned McGilmer to work with back pay.

McGilmer filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights on June 10, 2003. On February 10, 2004, the EEOC sent a notice to McGilmer notifying him of the right to sue. McGilmer filed the pending lawsuit on May 10, 2004.

## Standards for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

4

must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

## Applicable Law and Analysis

Defendants raise four arguments in support of their motion for summary judgment. First, Defendants contend that McGilmer cannot demonstrate disparate treatment or show that Farmer Jack's reason for discharging McGilmer was pretextual. Second, Defendants argue that Plaintiff's civil action is barred because he failed to file his Charge of Discrimination with the Michigan Department of Civil Rights or EEOC within the 300-

5

day time limit required by 42 U.S.C. § 2000e-5.  Third, with respect to the claims against Shuler, Daniels, Ziegler, and Lane, Defendants argue that the claims should be dismissed because none of these individuals are an "employer" as defined in 42 U.S.C. § 2000e-5(b) and because McGilmer did not name any of these individuals in his Charge of Discrimination.  Finally, Defendants argue that McGilmer's claim based on their alleged failure to investigate should be dismissed because such conduct did not affect a term or condition of his employment, does not constitute a violation of Title VII, and is otherwise deficient.  Because the Court finds Defendants' second argument, alone, sufficient to warrant the relief requested, the Court will address it first.

To maintain a Title VII action, a plaintiff must timely file a charge of discrimination with the EEOC and subsequently file a timely complaint in federal district court.  42 U.S.C. § 2000e-5(e)(1).  That section of the statute provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge . . . shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e)(1).  As the Supreme Court has stated, this section "is a charge

6

filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002)(quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S. Ct. 1011, 1019 (1974)).

As § 2000e-5(e)(1) provides, the time for a plaintiff to file a charge of discrimination with the EEOC begins to run from the time the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). As the Supreme Court made clear in *Morgan*, a discrete discriminatory act "occurred" on the day that it "happened." 536 U.S. at 110, 122 S. Ct. at 2070. Thus in the present case, the clock began to run for McGilmer to file his charge with the EEOC– at the latest– on July 26, 2002, the date he was terminated.[1] Accordingly, McGilmer was required to file his charge on or before May 22, 2003. As McGilmer only filed his charge on June 10, 2003, the pending lawsuit is time barred.

As the Supreme Court noted in *Zipes v. Trans World Airlines, Inc.*, the filing period in § 2000e-5(e)(1) is not a jurisdictional prerequisite to filing a Title VII lawsuit; but rather it is a requirement subject to waiver, estoppel, and equitable tolling, "when equity so requires." 455 U.S. 385, 393, 102 S. Ct 1127, 1132 (1982). However, as McGilmer failed to respond to Defendants' motion for summary judgment and has not otherwise stated why he failed to file his charge prior to June 10, the Court finds no reason to extend the time limit set forth in the statute.

---

[1] McGilmer's allegations with respect to Defendants' failure to properly investigate the altercation occurred prior to his termination.

7

Additionally, the Court finds that the individual defendants are entitled to summary judgment with respect to McGilmer's claims against them. First, McGilmer failed to name those individuals in his EEOC charge. *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480-1481 (6th Cir. 1998). Second, none of these individuals qualify as an "employer" under the terms of the statute and thus cannot be held liable under Title VII. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).

In any event, McGilmer has failed to establish a prima facie case of discrimination under Title VII. McGilmer lacks direct evidence of discrimination. Thus to establish his prima facie case, McGilmer must show the following: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position from which he was discharged; and (4) he either was replaced by a person outside his protected class or he was treated differently than similarly situated, non-protected employees. *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 728 (6th Cir. 2004)(citations omitted). As Defendants demonstrate, McGilmer cannot establish the last prong of his prima facie case.

First, McGilmer ultimately was not terminated and thus Defendants did not replace him with a person outside his protected class. Second, for the following reasons, McGilmer cannot show that he was treated differently than employees outside his protected class who engaged in similar conduct. Farmer Jack maintains workplace rules providing that employees may be disciplined up to and including immediate discharge for, *inter alia*, threatening other employees, using abusive language or gestures to any employee, and fighting on company premises. *See* Defs.' Mot., Ziegler Dep. Ex. 2.

8

When two similarly situated caucasian employees engaged in an altercation at the workplace approximately two months prior to McGilmer's termination, Defendants terminated those individuals. *See id*. Ziegler Dep. ¶ 5.

For the above reasons, the Court concludes that McGilmer's claims against Defendants are subject to summary dismissal.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment is **GRANTED**;

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Calvin L. McGilmer
16259 Hubbell
Detroit, MI 48235

Malcolm D. Brown, Esq.